**Ex parte Johnnie STEPHENS.**

**No. 44178.**

Court of Criminal Appeals of Texas.

June 29, 1971.

James Bullock, Craig A. Washington, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order denying relief by the County Criminal Court at Law No. 4 of Harris County after a hearing on an application for writ of habeas corpus held on March 12, 1971.

Appellant contends that he is indigent and cannot pay fines assessed against him after he was found guilty in Corporation Court of the City of Houston for three offenses of negligent collision and three offenses for driving without an operator's license. Fines totaling $460 were imposed. Appellant remained in custody for some six days and was credited with $30 toward the payment of the fines. He was released on his personal bail pending the habeas corpus hearing and this appeal.

Appellant relies upon the recent decision of the Supreme Court of the United States in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, which held that one convicted of an offense cannot be imprisoned solely because of indigency and inability to pay the fines imposed. Appellant testified that he was willing to pay the fines but did not have the money to pay them. At the habeas corpus hearing appel-

lant testified that he was twenty years of age, single and had been employed by Champion Paper Company for about a year. He made $2.98 an hour which amounted to approximately $500 a month or $6,000 a year. He testified that he spent $50 each month for room rent and gave his mother $90 to $100 a month to pay for his meals and to help support a younger brother.

The evidence further shows that the following week his pay was to increase some $1500 a year, making a total of approximately $7,500 a year. He testified that his mother was employed.

The record reflects that appellant had retained counsel on appeal provided by W. J. Allums, his uncle. It appears that Allums and his wife made approximately $17,000 a year and Allums would be willing to help appellant make installment payments of the fines.

John E. Crow testified that he was a labor relations supervisor for Champion Paper Company where Stephens had obtained employment under the JOBS Program of the Federal Government. Crow further testified that the government figures would require a person with a salary of $6,600 to have nine dependents before he would be considered an indigent.

It was stipulated in Tate v. Short, supra, that Tate was poverty stricken. The Court in Tate held that the conversion of a fine into a prison term for an indigent defendant without the means to pay his fine worked an invidious discrimination solely because he was poor and therefore violated the Equal Protection Clause. However, the Court wrote:

> "We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable ef-

forts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case."

Subsequent to Tate v. Short, supra, the Legislature of Texas revised Articles 42.-15, 43.03, 43.04, 43.05, 45.50, 45.51 and 45.-52, V.A.C.C.P. (H.B. 887, 62nd Legislature, effective June 15, 1971). See also Article 37.12, V.A.C.C.P. (1965). These revisions provide for "alternative means" or for installment payments of fines and costs from defendants. This Court, after the Supreme Court decision, remanded Tate for proceedings under such statutes. Ex parte Tate, (No. 42,209). See also Ex parte Scott, (No. 44,123).

We have concluded that the record does not show that appellant was an indigent. The relief sought is denied. The case is remanded to the County Criminal Court at Law No. 4 of Harris County so that the benefit of our legislative revisions may be applied in the event there has been a change of conditions and the appellant can show that he is now indigent.

It is so ordered.